UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JOSEFINA S. SEPULVEDA,                )
                                      ) No. CV-09-3122-JPH
          Plaintiff,                  )
                                      ) ORDER GRANTING DEFENDANT'S
v.                                    ) MOTION FOR SUMMARY JUDGMENT
                                      )
MICHAEL J. ASTRUE, Commissioner       )
of Social Security,                   )
                                      )
          Defendant.                  )
                                      )
                                      )

        BEFORE THE COURT are cross-motions for summary judgment noted

for hearing without oral argument on March 25, 2011 (Ct. Rec. 19,

28). Attorney D. James Tree represents plaintiff. Special

Assistant United States Attorney Richard M. Rodriguez represents

the Commissioner of Social Security (Commissioner). The parties

consented to proceed before a magistrate judge (Ct. Rec. 8). On

January 26, 2011, plaintiff filed a reply (Ct. Rec. 34). After

reviewing the administrative record and the briefs filed by the

parties, the court **grants** defendant's motion for summary judgment

(Ct. Rec. 28) and **denies** plaintiff's motion for summary judgment

(Ct. Rec. 19).

                            **JURISDICTION**

        Plaintiff protectively filed concurrent applications for

supplemental security income (SSI) and disability insurance

benefits (DIB) July 28, 2006, alleging onset as of May 1, 2004,

due to breast cancer, lymphedema, a trigger thumb, carpal tunnel
syndrome and a breathing problem, as well as the mental
impairments of depression, post-traumatic stress disorder (PSTD),
decreased memory and concentration, and illiteracy (Tr. 85, 150-
153 - SSI application; Tr. 154-156 - DIB application, Tr, 213,
226)[1]. The applications were denied initially and on
reconsideration (Tr. 75-82, 85-86). Administrative Law Judge (ALJ)
R. J. Payne held hearings on January 14, 2009 (Tr. 57-67), and
April 7, 2009 (Tr. 28-53). Plaintiff, represented by counsel, did
not testify at the first hearing because there was no interpreter;
however, a medical doctor and a psychologist testified.
Plaintiff's counsel waived translation, amended the onset date
from April 22, 2000, to May 1, 2004, and stipulated step three was
not met (Tr. 11, 57-59, 67). At the second hearing plaintiff and a
vocational expert testified (Tr. 30-46; 47-53).

    The ALJ issued an unfavorable decision April 24, 2009 (Tr.
11-20). The Appeals Council denied review on February 17, 2010
(Tr. 1-3). Therefore, the ALJ's decision became the final decision
of the Commissioner, which is appealable to the district court
pursuant to 42 U.S.C. § 405(g). On December 10, 2009, plaintiff
filed this action for judicial review pursuant to 42 U.S.C. §
405(g)(Ct. Rec. 1, 4).

**STATEMENT OF FACTS**

    Because the parties are familiar with the facts of the case
they are recited only as necessary to explain the Court's

---

        [1]Plaintiff was previously entitled to disability benefits
but "was ceased medically in April 2004" (Tr. 182).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                              - 2 -

decision.

Plaintiff was 34 years old at onset and 39 when the ALJ filed his decision. She attended school in Mexico through the ninth grade (Tr. 30). Ms. Sepulveda reads and writes in Spanish but not in English (Tr. 30, 38, 208). She underwent treatment for breast cancer in 2000, and thereafter, for lymphedema (Tr. 30). She has worked packing and sorting agricultural produce, medium and light exertion jobs, respectively (Tr. 48).

Plaintiff testified she has constant pain and fluid retention in her right arm; she wears a compression glove and uses a breast plate nightly (Tr. 31). Her testimony about past surgeries is a little unclear but it appears plaintiff had surgery on her index finger in March and May 2007, and carpal tunnel release in her right hand. She now has problems holding things in her right hand (Tr. 31-33). Ms. Sepulveda can stand for 3 hours and walk 2-3 blocks. Once or twice a day she takes a 45 minute nap (Tr. 35-36). Medication prescribed for depression helps with sleep (Tr. 33-34). She has difficulties with concentration and focus (Tr. 36).

Plaintiff lives with her two children, ages 16 and 10 (Tr. 37). She drives each child to their respective schools daily, cooks, reads, watches television for 2-3 hours a day, shops every 2-3 weeks for 2 hours, and attends church for 90 minutes at least once a week (Tr. 40-43). She has never been in jail (Tr. 39).

On August 24, 2006 [between onset in 2004 and the 2009 hearing], plaintiff reported she needs to rub her right arm daily when she wakes up to relieve swelling. She takes care of her son, age seven, and her 13 year old daughter, including getting them ready for school, taking them to school, and picking them up. She

cleans and gardens with the children's help, cooks, does laundry, drives, and shops. She reads, watches television, plays with her children when able, regularly visits her parents and the children's school, and goes to church. Plaintiff wears an arm "sleeve" and hand brace daily to relieve swelling. She has sleep problems, arm pain, and cramping. She cannot lift. Reaching is difficult. She can walk one block. Plaintiff gets depressed. She needs no reminders to take prescribed medication or to keep appointments, and is good at following written and spoken instructions (Tr. 187-194).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                           - 4 -

20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570,572 (9th Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support

a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

### ALJ'S FINDINGS

The ALJ found plaintiff was insured through June 30, 2009, for purposes of her DIB claim (Tr. 11, 13). At step one, he found although Ms. Sepulveda has worked at times, she has not engaged in

substantial gainful activity since onset on May 1, 2004[2] (Tr. 13). At steps two and three, he found she suffers from lymphedema, an impairment that is severe but does not meet Listing-level severity (Tr. 14-15). He found plaintiff less than fully credible (Tr. 17), a finding she does not challenge on appeal. At step four, ALJ Payne found plaintiff is able to perform her past work as an agricultural sorter (Tr. 19). Alternatively, at step five he found she could do other work, including housekeeping, production assembly, and attending a cafeteria (Tr. 19-20). The ALJ found plaintiff is not disabled as defined by the Social Security Act (Tr. 20).

**ISSUES**

Plaintiff alleges the ALJ failed to properly weigh the evidence of physical and mental limitations, and erred at steps four and five (Ct. Rec. 20 at 8-20).

Asserting the ALJ's decision is free of error and supported by substantial evidence, the Commissioner asks the Court to affirm (Ct. Rec. 29 at 2-3).

**DISCUSSION**

**A. Weighing evidence - standards**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated

---

[2]Plaintiff attempted to work full time in June 2004. She worked less than a month due to problems with her hand (Tr. 173-174, 179).

on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-605 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                    - 9 -

treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-752 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-1043 (9th Cir. 1995).

**B. Physical limitations**

Plaintiff alleges the ALJ erred by failing to credit the opinions of two treating doctors, Matthew Keifer, M.D., and Yvana Iovino, M.D. (Ct. Rec. 20 at 13-16). The Commissioner asserts the ALJ's reasons for rejecting these contradicted opinions are specific and legitimate (Ct. Rec. 29 at 11-16).

ALJ Payne considered Dr. Iovino's July 13, 2006, opinion that plaintiff cannot work due to lymphedema and chemotherapy (Tr. 18; 297). Plaintiff "has gone back to work" sorting and packing cherries and this "has started the lymphedema to become a problem again," in addition, she was recently restarted on chemotherapy (Tr. 297, 299). Dr. Iovino opined plaintiff was unable to "work the type of jobs she used to be capable of due to her problems with the lymphedema" (Tr. 299).

The ALJ considered Dr. Keifer's September 2008 opinion that plaintiff would miss four or more days of work each month (Tr. 18-19, referring to Tr. 423). In September 2006, Dr. Keifer indicates he diagnosed plaintiff with PTSD following exposure to carbon monoxide poisoning at work in 2004 (Tr. 294). He referred her to Dr. Whitmont for evaluation and treatment. Plaintiff now has "recovered substantially." He observes Ann English, ARNP, recently evaluated Ms. Sepulveda and assessed a GAF of 75. Dr. Keifer notes plaintiff continues to experience mild sleep disturbance, takes no psychotropic medication, and complains of memory problems (Tr. 294-295). He referred her to a neuropsychologist (Tr. 295). In

October 2007, he opined plaintiff was able to return to work (Tr. 517).

The ALJ considered the opinion of David Rullman, M.D., who testified at the first hearing (Tr. 15, 18). Dr. Rullman notes plaintiff was treated for breast cancer in 2000. The record does not mention lymphedema (swelling in the arm, a common complication after surgery and radiation) until 2004, four years later (Tr. 62). Dr. Rullman observes plaintiff tried to do warehouse work "involving lifting that seemed to aggravate her discomfort and/or swelling in that [right] extremity" (Tr. 62). The record shows she wears an elastic "stocking" on her right arm which is of some help. Dr. Rullman points out the degree of swelling has occasionally been an issue; sometimes doctors describe the swelling as mild; and, on a few occasions, moderate (Tr. 62-63). He observes plaintiff underwent right tendon release in March 2007 and was released to "full duty" work in May 2007; she chose, however, to undergo left carpal tunnel release in May 2007. Dr. Rullman opines by July 2007, plaintiff was fully capable of all physical activity (Tr. 63). Records show in February 2008, she underwent a laproscopic hormonal ablation (removal of ovaries and tubes to prevent breast cancer recurrence)(Tr. 474, 480). Dr. Rullman opines plaintiff's only limitation is lymphedema which causes mild to moderate swelling (Tr. 63). He assesses an RFC for a range of light work with no limitation in the use of her hands (Tr. 64-66).

To aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found her less than fully credible (Tr. 17). Credibility determinations bear on evaluations

of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

"General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ gave clear and convincing reasons for his unchallenged credibility assessment, including (1) inconsistent statements; (2) activities inconsistent with claimed disabling limitations, and (3) a lack of supporting medical evidence for complaints of disabling impairment (Tr. 17-18). The record supports the ALJ's reasons.

In 2006 plaintiff alleged she could only walk one block. As the ALJ observes, there is nothing in the record supporting this statement. One example is plaintiff's statement in April 2005 that

she experiences shortness of breath after walking 10-15 minutes. Prior to carpal tunnel release, she walked for 30 minutes 3-4 times a week (Tr. 325). She was released to work with no restrictions in October 2007 (Tr. 17). Because a claimant's inconsistent statements diminish credibility, it is a factor the ALJ may properly consider. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002).

Ms. Sepulveda's ability to engage in various activities in excess of claimed disabling limitations, including caring for children, diminishes her credibility. As the court has held, an

> ability to fix meals, do laundry, work in the yard, and *occasionally care for [a] friend's child* served as evidence of [claimant's] ability to work. If a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations.

*See Morgan v. Apfel*, 169 F.3d 595, 600 (9th Cir. 1999)(citation omitted)(italics added).

The medical record does not support plaintiff's complaint of ongoing fatigue or a daily need to nap (Tr. 17). The ALJ's finding is correct (*see e.g.*, Tr. 256).

Contrary to complaints of disabling limitations, no medical source has assessed an RFC limiting plaintiff's use of her right hand or arm, other than indicating her arm swells with overuse. The ALJ's RFC fully takes this account: plaintiff will avoid (1) frequent or prolonged pushing or pulling objects over 20 pounds; (2) frequent or prolonged pushing or pulling arm controls, and (3) repetitive use of the right arm above horizontal level (Tr. 15). As noted, on October 24, 2007, Ms. Sepulveda was released to work with *no* restrictions (Tr. 17, Ex. 28F/10).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                    - 13 -

The record supports the ALJ's unchallenged credibility assessment. His reasons are clear, convincing, and supported by substantial evidence. An ALJ may properly rely on inconsistencies between statements and conduct, and on the extent of daily activities, when assessing credibility. *See Thomas*, 278 F.3d at 958-959.

The ALJ credited Dr. Rullman's opinion lymphedema causes mild and occasionally moderate right arm swelling (Tr. 17). The record supports Dr. Rullman's testimony. *See e.g.*, mild lymphedema noted (Tr. 237); mild swelling noted (Tr. 239).

As noted, in September 2008, Dr. Keifer opined plaintiff's lymphedema would cause her to miss four or more days of work each month (Tr. 423). The ALJ rejected his opinion because it is inconsistent with Dr. Keifer's own 2007 release to work (Tr. 517), and there is no evidence plaintiff's lymphedema worsened in the interval (Tr. 18-19). The ALJ observes the dire 2008 assessment is also inconsistent with Dr. Keifer's treatment notes indicating plaintiff's use of two types of compression gloves has yielded good results[3] (Tr. 19). The ALJ's reasons are specific, legitimate, and supported by the record.

Plaintiff alleges the ALJ rejected Dr. Iovino's July 2006 opinion because she is an obstetrics and gynecology specialist. This is only partially correct. The ALJ also rejected her opinion because (1) it appears at least partially based on plaintiff's

_____

[3]In September 2005, treating doctor Vicky E. Jones, M.D., opines lymphedema is under control with a compression sleeve. Plaintiff does not wish to have a physical therapy referral at this time (Tr. 346-347). About a year later Dr. Jones notes mild lymphedema (Tr. 351).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                              - 14 -

unreliable self report, and (2) the opinion is not well supported because Dr. Iovino refers to lymphedema (plaintiff's severe impairment) only twice (Tr. 18). The ALJ's reasons for rejecting this contradicted opinion are specific, legitimate, and supported by substantial evidence.

With respect to allegedly severe carpal tunnel syndrome, the ALJ accurately observes CTS (right) was diagnosed in February 2003 but plaintiff put off release for two years because she was "very busy with her children and other problems" (Tr. 334). The release surgeries were successful (Tr. 431, 440, 456).

**C. Mental limitations**

Plaintiff alleges at step two ALJ Payne should have found she has severe mental impairments (Ct. Rec. 20 at 8-12). The Commissioner disagrees.

The ALJ gave little weight to the contradicted opinion of Jorge Torres-Saenz, Psy.D., who treated plaintiff for six months in 2007-2008 (Tr. 15, 553-576). More than a year after onset, in January 2006, Dr. Torres-Saenz assessed marked and severe limitations and a GAF of 45 (Ex. 22F). The ALJ observes records from treating psychologist Andrew Whitmont, Ph.D., show plaintiff's pain disorder, PTSD, and depression NOS, diagnosed in August 2005[4], resolved with treatment by October 2005 (Tr. 14-15, 242-243). In October 2005, Dr. Whitmont assessed a GAF of 79. He opined all conditions were resolved and plaintiff was ready to return to work (Tr. 243).

---

[4]It appears this treatment was related to a Labor and Industries claim based on plaintiff's exposure to carbon monoxide poisoning in May 2004 (Tr. 14, 331).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                              - 15 -

The ALJ considered the opinion of Walter Scott Mabee, Ph.D., who testified at the first hearing. Dr. Mabee found no basis in the record for a PTSD diagnosis. Dr. Mabee observes by October 2005, plaintiff told Dr. Whitmont she was now feeling she had "regained control and was able to carry on without problems, and so the case was closed" (Tr. 59-60). As noted, ARNP English assessed a GAF of 75 (Tr. 61). Dr. Mabee opined plaintiff's mental impairments are non-severe (Tr. 60).

The ALJ notes plaintiff did not seek treatment between October 2005 and September 2007. She treated from September 2007 until March 2008, and stopped again in December 2008. There are no further treatment records (Tr. 15).

Treatment provider Dr. Keifer notes in April 2006 plaintiff says overall [psychologically] she is effectively back to normal, was recently laid off work, and told they would rehire in June (Tr. 306). He released her to work without restrictions on February 3, 2006 (Tr. 311).

An ALJ may discount a treating professional's contradicted opinion by giving specific and legitimate reasons supported by substantial evidence. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). ALJ Payne discounted Dr. Torres-Saenz's opinion because (1) it is inconsistent with those of Drs. Whitmont and Mabee; (2) records show symptoms improved with treatment, and (3) Dr. Torres-Saenz's most recent office note (December 2008) shows minimal mental health impairment (Tr. 15). These are specific, legitimate reasons to discredit another treating psychologist's contradicted opinion. *See Andrews*, 53 F.3d at 1042-1043; *Magallanes*, 881 F.2d at 751-752.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                    - 16 -

Plaintiff's ability to work, though at less than SGA levels, also contradicts Dr. Torres-Saenz's assessed severe and marked mental limitations. An opinion of disability premised to a large extent upon the claimant's own accounts of his or her symptoms and limitations may also be disregarded, once those complaints have themselves been properly discounted. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995) citing *Flaten v. Secretary of Health & Human Services*, 44 F.3d 1453, 1463-1464 (9th Cir. 1995).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The ALJ's reasons for rejecting Dr. Torres-Saenz's opinion and finding plaintiff's mental limitations are mild is free of error and supported by substantial evidence.

**D. Step four**

Plaintiff asserts the ALJ failed to enter findings of fact as to plaintiff's RFC, the physical and mental demands of her past work, and that her RFC would permit returning to her past work (Ct. Rec. 20 at 16-19). Because the ALJ made these findings, and properly relied on the VE's testimony, plaintiff's argument fails.

The record does not support limitation greater than that assessed by the ALJ. The court finds the RFC is fully supported by

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                          - 17 -

the evidence. This includes evidence from treating and examining health care providers, plaintiff's activities, and her assessed credibility. The RFC is free of legal error. Accordingly, the RFC and questions to the VE are sufficient. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).

**E. Alternative step five finding**

Plaintiff alleges the ALJ's alternative step five finding is erroneous because it is based on an incomplete hypothetical, one that fails to take into account all of her impairments (Ct. Rec. 20 at 19-20). Citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-1176 (9th Cur. 2008), the Commissioner asserts a claimant "does not establish that an ALJ's step-five determination is incorrect by simply restating his or her arguments that the ALJ improperly discounted certain evidence" when the court has determined the ALJ properly weighed the evidence (Ct. Rec. 29 at 21).

The Commissioner is correct.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is supported by substantial evidence and free of legal error.

**IT IS ORDERED:**

1. Defendant's motion for summary judgment **(Ct. Rec. 28)** is **granted.**

2. Plaintiff's motion for summary judgment **(Ct. Rec. 19)** is **denied.**

The District Court Executive is directed to file this Order, provide copies to counsel for the parties, enter judgment in favor

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                          - 18 -

1  of Defendant, and **CLOSE** this file.

2       DATED this 31st day of March, 2011.

3

4                              s/ James P. Hutton

5                         JAMES P. HUTTON
                    UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28